# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION, DAYTON OFFICE

| | |
|---|---|
| **MONIQUA WHITE** | Case #: |
| Plaintiff | Judge: |
| vs. | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| **WILBERFORCE UNIVERSITY** | |
| And | |
| **JOHN DOES 1 THROUGH AND INCLUDING 10,** | |
| Defendants | |

Now Comes Plaintiff and alleges as follows:

## JURISDICTION

1. This action is brought pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 USC §§ 201, *et seq*.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question) and pursuant to its pendent and ancillary jurisdiction over related state causes of action.

3. Plaintiff was an employee paid on an hourly basis and was not paid overtime for all hours over 40 in a week as required by state and federal wage hour laws.

4. Venue lies in the Southern District of Ohio, the judicial district in which the claim arose pursuant to 28 U.S.C. § 1391. The Plaintiff further invokes the pendent jurisdiction of this Court to hear and consider claims also arising under the state laws of Ohio. The matter in controversy exceeds, exclusive of interest, the sum of SEVENTY-FIVE THOUSAND U.S. DOLLARS ($75,000.00).

1

## PARTIES

5. The allegations contained in the Jurisdiction paragraphs are incorporated by reference as if fully rewritten herein.

6. Plaintiff was at all times material to this action is a citizen of the United States of America and resident of the State of Ohio. Plaintiff believes each of the Defendants reside within the jurisdiction of this Court.

7. Defendant Wilberforce University at all times relevant to this action was a corporation existing pursuant to the laws of the State of Ohio, located in Greene County, Ohio, having the authority to sue and be sued in its corporate name.

8. At all times material hereto, Individual Defendants and John Doe 1 through 10, were individuals or entities whose names are unknown and could not be discovered by exercise of due diligence prior to the filing of this lawsuit. Defendants John Does 1 through 10 were employers under the FLSA and Ohio Wage/hour laws.

9. Defendants were employers as defined by the FLSA, and Ohio Wage Hour laws.

**10.** Plaintiff was an employee of Defendants as defined by the FLSA and Ohio Wage Hour laws.

## STATEMENT OF FACTS

11. Plaintiff, Moniqua White, was employed as a Police Officer by Defendants in April 15, 2015 through December 4, 2015.

12. Defendants hired Plaintiff on an hourly basis, at a rate of $13.00 per hour on 4/15/15.

13. Defendant's increased Plaintiff's rate of pay to $15.00 per hour on or about 11/20/15.

14. Defendant's increased Plaintiff's rate of pay to $17.00 per hour on or about 11/20/15.

15. Defendants are not exempt under 29 USC § 213(b)(20) from requirements of the FLSA because at all relevant times, Defendants employed more than five police officers.

16. Defendants scheduled Plaintiff to work and she did work six to seven days per week, including double shifts, and therefore were required to pay its police officer, Plaintiff, overtime and a rate of one and a half times her regular rate of any hours worked in excess of 40 and 43 hours per workweek.

17. Plaintiff was "non-exempt" "employee" of Defendants as those terms are defined in the FLSA.

18. During all times relevant to this Complaint, Defendants regularly failed to pay Plaintiff for:

   a. All court duty hours, such as travel time or hours of court attendance;

   b. All of the time necessary to complete mandatory Daily Activity Logs; and,

   c. All of the time associated with mandatory training and meetings; and

   d. Overtime at the appropriate rate of one and a half times the regular rate of pay.

19. Many times, the work described in paragraph 18 (1-d) causes the work hours of Plaintiff to exceed 40 and 43 hours in a workweek.

## FIRST CAUSE OF ACTION
## ALLEGING FAILURE TO PAY FOR ALL HOURS WORKED AND FAILURE TO PAY LEGALLY MANDATED OVERTIME PREMIUM IN VIOLATION OF THE FLSA

20. Plaintiff restates all prior allegations as if fully restated herein.

21. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 USC § 206(a)-(b).

22. The FLSA generally requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (4) in a workweek. *See* 29 USC § 207(a)(1).

23. Section 29 USC § 207(k) provides a partial overtime exemption for public agencies engaged in law enforcement activities. However, Defendants are not a public agency and this partial exemption does not apply.

24. During all times material to this Complaint, Defendants were an employer covered by the FLSA and were required to comply with its mandates.

25. During all times material to this Complaint, Plaintiff was a covered employee entitled to protection under the FLSA and was not exempt.

26. During all times material to this Complaint, Plaintiff was not a volunteer and expected compensation for all hours worked.

27. During all times material to this complaint, Defendant violated the FLSA with respect to Plaintiff by failing to pay her for all hours worked, including the legally mandated overtime premium for all hours worked in excess of forty or forty-three in work period based on a correct regular rate of pay.

28. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provision.

**SECOND CAUSE OF ACTION**
**PENALTIES AND TREBLE DAMAGES FOR LATE PAYMENT OF WAGES**
**(OHIO REV. CODE § 4111.14(j), 4133.15, &**
**OHIO CONSTITUTION, ARTICLE II, SECT 34A)**

29. Plaintiff restates all prior allegations as if fully restated herein.

30. Defendants failed to pay prompt wages to Plaintiff, as they did not pay wages within 30 days.

31. Ohio Rev. Code § 4133.15 provides for a minimum of $200 penalty for failure to promptly pay wages within 30 days.

32. Defendants violated Ohio minimum wage statutes and treble damages are due under Section 34A of Article II of the Ohio Constitution and Ohio Rev. Code § 4111.14(j).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Compensatory and back pay damages to the fullest extent permitted under federal and state law;

b. Liquidated damages to the fullest extent permitted under federal and state law;

c. Penalties, including treble damages, to the full extent permitted under federal and state law;

d. Litigation costs, expenses, attorney's fees to the fullest extent permitted under state and federal law;

e. All equitable relief deemed appropriate;

f. Such other relief as this court deems just and proper.

**RESPECTFULLY SUBMITTED,**
**LAW OFFICES OF**
**ALISSA SAMMARCO MAGENHEIM LLC**

*/S/ Alissa Sammarco Magenheim*

Alissa Sammarco Magenheim  0077563
Attorney for Plaintiffs
15 East 8th Street
Cincinnati OH 45202
513-763-7700 / fax 513-763-7704
Email:  asm@AlissaMagenheimLaw.com

**<u>JURY DEMAND</u>**

Now comes Plaintiff and demand a trial by jury.

        RESPECTFULLY SUBMITTED,

        Law Offices of Alissa Sammarco
        Magenheim LLC


        */S/ Alissa Sammarco Magenheim*
        Alissa Sammarco Magenheim  0077563
        Attorney for Plaintiffs